2796.SBK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RO-MAR TRANSPORTATION SYSTEMS, INC.<br>    3500 Kedzie Avenue<br>    Chicago, Illinois 60632<br><br>    Plaintiff<br><br>    Versus<br><br>THE CHARTER OAK FIRE INSURANCE COMPANY<br><br>    One Tower Square<br>    Hartford, Connecticut 06183 | No. 2015 CV 7938<br><br>PLAINTIFF DEMANDS TRIAL BY JURY |

**COMPLAINT**

NOW COMES the Plaintiff, RO-MAR TRANSPORTATION SYSTEMS, INC., by and through its attorneys, Haynes, Studnicka, Kahan, O'Neill & Poulakidas, LLC, and as its Complaint, states as follows:

**Jurisdiction and Venue**

1. The jurisdiction of the Court over this matter is invoked pursuant to 28 USC § 1332.

2. Venue is appropriate in the Northern District of Illinois pursuant to 28 USC § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District and a substantial part of the property that is the subject of this action is situated in this District.

**Diversity of Citizenship**

3. The Plaintiff, RO-MAR TRANSPORTATION SYSTEMS, INC. (hereinafter RO-MAR) is incorporated in the State of Delaware with corporate headquarters at 3500 Kedzie Avenue in Chicago, Illinois 60632.

4. The Defendant, THE CHARTER OAK FIRE INSURANCE COMPANY (hereinafter CHARTER OAK) is incorporated in the State of Connecticut with its principal place of business in Hartford, Connecticut.

5. That Defendant, CHARTER OAK is not a citizen of the State(s) of Delaware or Illinois since CHARTER OAK is incorporated and headquartered in Connecticut and since CHARTER OAK does not maintain its principal place of business in Delaware or Illinois.

6. The Amount in Controversy exceeds $75,000.

7. Accordingly, there is complete diversity of citizenship between Plaintiff and the Defendant.

**General Allegations**

8. At all times mentioned herein, the Plaintiff, RO-MAR, was a foreign corporation, duly organized and licensed to do business in the State of Illinois, engaged in the business of warehousing and trucking, with a corporate headquarters located at 3500 South Kedzie Avenue, County of Cook, City of Chicago, State of Illinois.

9. At all times mentioned herein Defendant, CHARTER OAK, a foreign corporation duly licensed to do business in the state of Illinois, engaged in the business of providing insurance coverage, including commercial property insurance coverage and commercial inland marine insurance coverage.

10. At all times relevant to this litigation, as part of its business Plaintiff RO-MAR owned and operated warehouse facilities, including warehouse facilities at 3708-3710 South California Street, Chicago, Illinois 60632.

11. During the time and for the matters involved in this litigation, Plaintiff's business, including its warehouse facilities, was insured for loss and damage by the Defendant, CHARTER OAK, under an insurance policy that included Commercial Property Coverage and Commercial Inland Marine Coverage pursuant to CHARTER OAK Policy Number QT-660-2A106123-COF-13.

12. Said insurance included insurance coverage for RO-MAR's warehouse facilities and operations at 3708-3710 South California Street, Chicago, Illinois 60632 and losses related to events at said facilities.

13. As is relevant to this litigation, the term of said insurance policy commenced on June 1, 2013 and was to continue until June 1, 2014.

14. On the evening of September 11, 2013, the RO-MAR warehouse facilities located at 3708-3710 South California Street, Chicago, Illinois 60632 caught fire.

15. As a result of the fire, the RO-MAR warehouse facilities and their contents were totally destroyed and RO-MAR had to cease operations at 3708-3710 South California Street, Chicago, Illinois 60632.

16. Plaintiff RO-MAR filed timely insurance claims with Defendant CHARTER OAK seeking recovery of its losses under Insurance Contract Policy No. QT-660-2A106123-COF-13.

17. Although Defendant CHARTER OAK has resolved and paid some of the claims filed by Defendant RO-MAR, as of the date of this Complaint, other claims in an

amount exceeding Three Hundred Eighty Five Thousand Dollars ($385,000.00) have either been denied and/or remain outstanding and have not been resolved.

18. Outstanding coverage on claims that have not been paid by Defendant CHARTER OAK include, but are not limited to, the following:

i. Claims for loss of property contents of up to fifty thousand dollars ($50,000.00).

ii. Claims for cargo and freight cleaning damages in excess of five thousand dollars ($5,000.00).

iii. Claims for damage to cargo handling equipment of up to twenty five thousand dollars ($25,000.00).

iv. Claims for debris removal of up to seventy five thousand dollars ($75,000.00).

v. Claims for uncollectable and or otherwise lost freight charges of up to twenty five thousand dollars ($25,000.00).

vi. Claims for reimbursement of Fire Department Service of up to twenty five thousand dollars ($25,000.00).

vii. Claims for inventory, appraisal, and loss adjustment of up to five thousand dollars ($5,000.00).

viii. Claims for Fire Protective Systems of up to seventy five thousand dollars ($75,000.00).

ix. Claims for lost and damaged computerized business equipment such as printers and computers in excess of five thousand dollars ($5,000.00) and extra expenses of up to fifty thousand dollars ($50,000.00).

x. Claims for building repairs in excess of fifty thousand dollars ($50,000.00).

## COUNT I

### BREACH OF CONTRACT AGAINST DEFENDANT CHARTER OAK

19. Plaintiff incorporates by reference herein paragraphs 1 through 18 as if fully set forth herein.

20. Defendant offered to issue a commercial property coverage and commercial inland marine coverage business insurance policy to Plaintiff in exchange for a premium to be paid by Plaintiff.

21. Plaintiff accepted the terms of the offer and paid the premium to Defendant which Defendant accepted.

22. A lawful contract was created between Defendant and Plaintiff and was issued Policy No. QT-660-2A106123-CDF-13. Both parties were capable of contracting, parties gave consent, issuance of the policy is lawful in the State of Illinois, and consideration was given in form of payments by Plaintiff.

23. Plaintiff submitted proper and timely claims to Defendant for the losses incurred as a result of the September 11, 2013 fire.

24. Defendant has breached the contract of insurance by refusing to pay the value of the claims submitted by Plaintiff. Defendant is withholding a sum in excess of Three Hundred Eighty Five Thousand Dollars ($385,000.00) under the contract to the benefit of itself and to the detriment of the Plaintiff.

25. Plaintiff has suffered actual damages as a result of the Defendant withholding payment on the insurance policy. Defendant's refusal to honor its contractual obligations has caused the Plaintiff financial loss.

26. Defendant failed to perform its promises under the contract it entered into with Plaintiff.

27. Defendant is liable to Plaintiff for a sum of Three Hundred Eighty Five Thousand Dollars ($385,000.00) for damages to Plaintiff's property and business and for its breach of insurance contract; award the Plaintiff pre and post-judgment interest, reasonable attorney's fees and costs; and for such further and other relief as deemed equitable by this Honorable Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for an Order of this Court granting judgment in favor of Plaintiff and against Defendant in the sum of Three Hundred Eighty Five Thousand Dollars ($385,000.00) for damages to Plaintiff's property and business and for its breach of insurance contract; award Plaintiff attorneys fees and additional damages, and for such further and other relief as deemed equitable by this Honorable Court.

Respectfully submitted,

HAYNES, STUDNICKA, KAHAN, O'NEILL
& POULAKIDAS, LLC

/s/ Shimon B. Kahan
Attorney for Plaintiff
HAYNES, STUDNICKA, KAHAN, O'NEILL &
POULAKIDAS
200 West Adams Street, Suite 2175
Chicago, IL 60606
Telephone: (312) 332-6644
Facsimile: (312) 332-6655
E-mail: skahan@hskolaw.com
ARDC No. 6207172